**Claude J. WILSON, Plaintiff—
Appellant,**

**v.**

**AVEMCO INSURANCE CO.,
Defendant—Appellee.**

**No. 02–15527.**

**D.C. No. CV–01–00544–MMC.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 18, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

R.App. P. 34(a)(2).

MEMORANDUM**

Claude J. Wilson, a commercial pilot, appeals pro se the district court's summary judgment in his diversity action alleging age discrimination in Avemco Insurance Company's ("Avemco") terms for issuing him aviation insurance. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Pool Water Prods. v. Olin Corp.*, 258 F.3d 1024, 1034 (9th Cir. 2001), and we affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Wilson's claims under California's Cartwright Act, Cal. Bus. & Prof.Code §§ 16721 & 16750, and his claim for restraint of trade,[1] because he failed to state an anti-trust injury. *See Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 985–91 (9th Cir.2000) (discussing requirements for anti-trust claim under California law). Wilson neither alleged, nor submitted evidence of, an injury to competition but merely an injury to his business stemming from Avemco's rejection of his desired policy terms. *See id.* at 985 (stating purpose of Cartwright Act is to promote competition and prevent monopolies or other agreements that restrain free trade) (citation omitted); *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal.4th 26, 77 Cal.Rptr.2d 709, 960 P.2d 513, 526 (1998) (stating that an insurer's refusal to sell a product to a consumer only violates the Cartwright Act "when that refusal is the result of a combination, agreement, or conspiracy to make that product unavailable in a given market").

The district court found untimely Wilson's claims under California's Unruh Civil Rights Act, Cal. Civ.Code §§ 51–52, in reliance on *West Shield Investigations v. Superior Court*, 82 Cal.App.4th 935, 98 Cal.Rptr.2d 612, 623 (2000). After the district court's decision, the California Court of Appeals ruled that the one-year statute of limitations utilized in *West Shield* applies only to Unruh Act provisions which derive from common law and a three-year statute of limitations applies to all other provisions. *Gatto v. County of Sonoma*, 98 Cal.App.4th 744, 120 Cal.Rptr.2d 550, 560 (2002). Since the Unruh Act provisions were made applicable to insurance pursuant to statute, *see* Cal. Ins.Code § 1861.03(a); *Wilson v. FEHC*, 46 Cal. App.4th 1213, 54 Cal.Rptr.2d 419, 423–24 (1996), we vacate summary judgment on these claims and remand to the district court for further consideration of the statute of limitations issue.[2]

We therefore affirm the district court's summary judgment on the third and fourth causes of action and vacate on the first and second causes of action. Because Wilson did not appeal the district court's summary judgment on the fifth cause of action, we have not considered this issue. *See Brookfield Communications, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although Wilson has never clarified whether he brought his restraint of trade claim pursuant to the Cartwright Act or common law, the distinction does not affect our analysis. *See Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal.4th 26, 77 Cal.Rptr.2d 709, 960 P.2d 513, 526 (1998) ("A cause of action for restraint of trade under the Cartwright Act or common law principles must allege both a purpose to restrain trade and injury to the business of the plaintiff traceable to actions in furtherance of that purpose.").

2. In light of this disposition, we do not reach Wilson's contentions regarding equitable tolling.

1046 n. 7 (9th Cir.1999). We remand to the district court for proceedings consistent with this decision.

**Each side shall bear its own costs on appeal.**

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**